**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEVANTE M. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22-cv-5491 |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights and |
| | ) | Supplemental State Claim |
| Village of Melrose Park and Melrose | ) | |
| Park Police Officers G. Sullo and C. | ) | **JURY DEMANDED** |
| Fogg, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Plaintiff, Devante M. Brown, by and through his attorneys, Ed Fox & Associates, Ltd., filed the following Complaint:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff, Devante M. Brown ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Melrose Park Police Officers G. Sullo and C. Fogg (collectively "Defendant Officers") acted under the color of state law. Defendant Officers were

acting as employees, agents, and/or representatives of the Village of Melrose Park Police Department. Plaintiff is suing Defendant Officers in their individual capacities.

5. At all times mentioned herein, the Village of Melrose Park was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the Village of Melrose Park maintained, managed, and/or operated the Melrose Park Police Department.

## FACTUAL ALLEGATIONS

6. On or about September 4, 2022, at all times material, Plaintiff legally parked his motor vehicle near the Taste of Melrose Park and went on to attend the festival.

7. Sometime later, while attending the above-mentioned festival, a Defendant Officer grabbed, handcuffed, and detained Plaintiff.

8. There was no legal cause to grab, handcuff, and/or detain Plaintiff.

9. The Defendant Officer then dragged Plaintiff out of the festival.

10. There was no legal cause to drag Plaintiff out of the festival.

11. A Defendant Officer told Plaintiff that they would not take him into custody if he consented to a search of his vehicle.

12. Plaintiff did not consent to a search of his vehicle.

13. One or more Defendant Officers searched Plaintiff's vehicle, but no contraband was found.

14. There was no legal cause to search Plaintiff's vehicle.

15. One or more Defendant Officers put Plaintiff inside a police vehicle and transported him to a police station.

16. There was no legal cause to put Plaintiff inside a police vehicle and/or to transport him to a police station.

17. Plaintiff was later released from the police station without any charges, indicative of his innocence.

18. There was no legal cause to grab, handcuff, drag, put into a police vehicle, transport to a police station, and/or detain Plaintiff, or search his vehicle.

19. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

20. The above-mentioned actions and/or omissions by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by the Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION AND/OR ARREST IN VIOLATION OF THE FOURTH AMENDMENT

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

24. The arbitrary detention and/or arrest of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by grabbing, handcuffing, dragging, putting him in a police vehicle, transporting him to a police station, and detaining him without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR**
**UNREASONABLE SEARCH OF PLAINTIFF'S VEHICLE**
**IN VIOLATION OF THE FOURTH AMENDMENT**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

26. Defendant Officers deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff and his vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by searching Plaintiff's vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**

**PLAINTIFF AGAINST THE DEFENDANTS FOR THE STATE LAW CLAIM OF FALSE <u>IMPRISONMENT/ARREST</u>**

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

29. Defendant Officers intended to and did confine Plaintiff within fixed boundaries.

30. Plaintiff was conscious of the above-mentioned confinement and/or harmed by it.

31. Defendant Officers violated the law by falsely imprisoning/arresting Plaintiff.

32. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendant Officers.

33. The Village of Melrose Park is liable pursuant to *respondeat superior*.

34. Plaintiff's imprisonment/arrest was unnecessary and unreasonable. Therefore, the Defendants are liable for the supplemental state law claim of false imprisonment/arrest.

**WHEREFORE**, Plaintiff, Devante M. Brown, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. The Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. The Defendants pay Plaintiff's special damages;

3. The Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. The Defendants, except the Village of Melrose Park, to pay punitive and exemplary damages in a sum to be ascertained;

5. The Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com